UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20095

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(A)(i), (B)(i)

CR - SEITZ

UNITED STATES OF AMERICA

vs.

RICARDO BEDOYA,
    a/k/a "Esteban Colon,"
    a/k/a "Pitagoris,"
    a/k/a "Pita,"
    a/k/a "El Viejo,"
ALEJANDRO MONTES,
    a/k/a "El Enano,"
CARLOS PEREIRA,
    a/k/a "Caliche,"
    a/k/a "El Flaco,"
and
ANDRES RAMIREZ,

          Defendants.
_____/

7 McALILEY

FILED BY _____ D.C.
2006 FEB 16 PM 4:02
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about June 2004, the exact date being unknown to the Grand Jury, to on or about August 11, 2005, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

RICARDO BEDOYA,
a/k/a "Esteban Colon,"
a/k/a "Pitagoris,"
a/k/a "Pita,"
a/k/a "El Viejo,"
ALEJANDRO MONTES,

1

a/k/a "El Enano,"
**CARLOS PEREIRA,**
a/k/a "Caliche,"
a/k/a "El Flaco," and
**ANDRES RAMIREZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the receiving, concealing, buying, selling and otherwise dealing in controlled substances, punishable under the laws of the United States, intending to promote the carrying on of specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 2

On or about September 15, 2004, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RICARDO BEDOYA,**
a/k/a "Esteban Colon,"
a/k/a "Pitagoris,"
a/k/a "Pita,"
a/k/a "El Viejo,"
**ALEJANDRO MONTES,**
a/k/a "El Enano,"
**CARLOS PEREIRA,**

a/k/a "Caliche,"
a/k/a "El Flaco," and
**ANDRES RAMIREZ,**

and other persons known and unknown to the Grand Jury, did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce, that is, the transfer of $200,255.00 in United States currency, which transaction involved the proceeds of a specified unlawful activity, that is, the receiving, concealing, buying, selling and otherwise dealing in controlled substances, punishable under the laws of the United States, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

## COUNT 3

On or about December 1, 2004, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RICARDO BEDOYA,**
a/k/a "Esteban Colon,"
a/k/a "Pitagoris,"
a/k/a "Pita,"
a/k/a "El Viejo,"
**ALEJANDRO MONTES,**
a/k/a "El Enano," and
**CARLOS PEREIRA,**
a/k/a "Caliche,"
a/k/a "El Flaco,"

and other persons known and unknown to the Grand Jury, did knowingly conduct, and attempt to

conduct, a financial transaction affecting interstate and foreign commerce, that is, the transfer of $150,870.00 in United States currency, which transaction involved the proceeds of a specified unlawful activity, that is, the receiving, concealing, buying, selling and otherwise dealing in controlled substances, punishable under the laws of the United States, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

## CRIMINAL FORFEITURE

The allegations of Counts 1 through 3 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

Upon conviction of the offenses charged in Counts 1 through 3, the defendants,**RICARDO BEDOYA**, a/k/a "Esteban Colon," a/k/a "Pitagoris," a/k/a "Pita," a/k/a "El Viejo," **ALEJANDRO MONTES**, a/k/a "El Enano," **CARLOS PEREIRA**, a/k/a "Caliche," a/k/a "El Flaco," and **ANDRES RAMIREZ**, shall forfeit to the United States all property, real and personal, involved in the afore stated offenses and all property traceable to such property, including but not limited to the following property:

1. $200,255.00 in United States currency seized on September 15, 2004; and

2. $150,870,00 in United States currency seized on December 1, 2004.

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
for R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name** RICARDO BEDOYA                **Case No.** _____

===============================================================================

Count # 1:

CONSPIRACY TO LAUNDER MONEY

18 U.S.C. §1956(h)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # 2:

MONEY LAUNDERING

18 U.S.C. § 1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # 3:

MONEY LAUNDERING

18 U.S.C. §1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # :

**Max. Penalty:**

===============================================================================

Counts #:

**Max. Penalty:**

===============================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name** ALEJANDRO MONTES          **Case No.** _____

================================================================================

**Count # 1:**

CONSPIRACY TO LAUNDER MONEY

18 U.S.C. §1956(h)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

================================================================================

**Count # 2:**

MONEY LAUNDERING

18 U.S.C. § 1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

================================================================================

**Count # 3:**

MONEY LAUNDERING

18 U.S.C. §1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

================================================================================

**Count # :**

_____

_____

**Max. Penalty:**

================================================================================

**Counts #:**

_____

_____

**Max. Penalty:**

================================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments,

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name** CARLOS PEREIRA          **Case No.** _____

===============================================================================

Count # 1:

CONSPIRACY TO LAUNDER MONEY

18 U.S.C. §1956(h)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # 2:

MONEY LAUNDERING

18 U.S.C. § 1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # 3:

MONEY LAUNDERING

18 U.S.C. §1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

===============================================================================

Count # :

_____

_____

**Max. Penalty:**

===============================================================================

Counts #:

_____

_____

**Max. Penalty:**

===============================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name** ANDRES RAMIREZ          **Case No.** _____

========================================================================

Count # 1:

CONSPIRACY TO LAUNDER MONEY

18 U.S.C. §1956(h)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

========================================================================

Count # 2:

MONEY LAUNDERING

18 U.S.C. § 1956(A)(1), (B)(1)

**Max. Penalty:**   20 YEARS MAXIMUM TERM OF IMPRISONMENT; SUPERVISED RELEASE OF THREE YEARS; $500,000 FINE

========================================================================

Count #:

**Max. Penalty:**

========================================================================

Count # :

**Max. Penalty:**

========================================================================

Counts #:

**Max. Penalty:**

========================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RICARDO BEDOYA, et al.
          Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

_X_ Miami    ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)    Yes ___    No _X_
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    _Yes_
   List language and/or dialect    _Spanish_

4. This case will take _10_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)      (Check only one)

   I    0 to 5 days    ___      Petty    ___
   II    6 to 10 days    _X_    Minor
   III    11 to 20 days    ___      Misdem.    ___
   IV    21 to 60 days    ___      Felony    _X_
   V    61 days and over    ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes _X_ No

                                         _/s/ Lynn D. Rosenthal_
                                         LYNN D. ROSENTHAL
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Florida Bar No.343226

*Penalty Sheet(s) attached                                                                     REV.1/14/04

```
                        U.S. District Court
                Southern District of Florida (Miami)

        CRIMINAL DOCKET FOR CASE #: 06-CR-20095-ALL

USA v. Sealed Defendant 1, et al                    Filed: 02/16/06
Dkt# in other court: None

Case Assigned to: Judge Patricia A. Seitz

SEALED DEFENDANT 1 (1)
     defendant


Pending Counts:

    NONE


Terminated Counts:

    NONE



Complaints:

    NONE


========================
```

```
Proceedings include all events.
1:06cr20095-ALL USA v. Sealed Defendant 1, et al
```

Case Assigned to:  Judge Patricia A. Seitz

SEALED DEFENDANT 2 (2)
    defendant


Pending Counts:

   NONE


Terminated Counts:

   NONE



Complaints:

   NONE


=======================

Case Assigned to:  Judge Patricia A. Seitz

SEALED DEFENDANT 3 (3)
    defendant


Pending Counts:

   NONE


Terminated Counts:

   NONE



Complaints:

   NONE


=======================

```
Proceedings include all events.
1:06cr20095-ALL USA v. Sealed Defendant 1, et al
```

Case Assigned to:  Judge Patricia A. Seitz

SEALED DEFENDANT 4 (4)
    defendant

Pending Counts:

    NONE

Terminated Counts:

    NONE

Complaints:

    NONE

```
Proceedings include all events.
1:06cr20095-ALL USA v. Sealed Defendant 1, et al

SEALED DEFENDANT 1

             defendant


=========================

SEALED DEFENDANT 2

             defendant


=========================

SEALED DEFENDANT 3

             defendant


=========================

SEALED DEFENDANT 4

             defendant


=========================

USA

             plaintiff


U. S. Attorneys:

   NONE
```

```
Proceedings include all events.
1:06cr20095-ALL USA v. Sealed Defendant 1, et al

2/16/06    1         SEALED DOCUMENT as to Sealed Defendant 1, Sealed Defendant
                     2, Sealed Defendant 3, Sealed Defendant 4 (at)
                     [Entry date 02/17/06]

2/16/06    2         SEALED DOCUMENT as to Sealed Defendant 1, Sealed Defendant
                     2, Sealed Defendant 3, Sealed Defendant 4 (at)
                     [Entry date 02/17/06]

2/16/06    3         SEALED DOCUMENT as to Sealed Defendant 1, Sealed Defendant
                     2, Sealed Defendant 3, Sealed Defendant 4 (at)
                     [Entry date 02/17/06]

2/16/06    4         SEALED DOCUMENT as to Sealed Defendant 1, Sealed Defendant
                     2, Sealed Defendant 3, Sealed Defendant 4 (at)
                     [Entry date 02/17/06]

2/16/06    5         SEALED DOCUMENT as to Sealed Defendant 1 (at)
                     [Entry date 02/17/06]

2/16/06    6         SEALED DOCUMENT as to Sealed Defendant 2 (at)
                     [Entry date 02/17/06]

2/16/06    7         SEALED DOCUMENT as to Sealed Defendant 3 (at)
                     [Entry date 02/17/06]

2/16/06    8         SEALED DOCUMENT as to Sealed Defendant 4 (at)
                     [Entry date 02/17/06]

3/13/06    9         SEALED DOCUMENT (ct) [Entry date 03/14/06]

3/13/06    10        SEALED DOCUMENT (ct) [Entry date 03/14/06]

3/13/06    11        SEALED DOCUMENT (ct) [Entry date 03/14/06]

3/13/06    12        SEALED DOCUMENT (ct) [Entry date 03/14/06]

3/13/06    13        SEALED DOCUMENT (ct) [Entry date 03/14/06]
```